IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT G. BAKER,<br>on behalf of himself and all<br>others similarly situated,<br><br>           Plaintiff,<br><br>v.<br><br>HARTFORD UNDERWRITERS<br>INSURANCE COMPANY,<br><br>           Defendant. | Civ. No. 10-861-SLR |

**MEMORANDUM ORDER**

At Wilmington this 13th day of July, 2011, having considered defendant's motion to dismiss or, in the alternative, for a more definite statement, and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 6) is granted, as follows.

1. **Background.** Plaintiff Robert G. Baker ("plaintiff") filed the present putative class action against defendant Hartford Underwriters Insurance Company ("defendant") seeking a declaratory judgment that defendant violated 21 Del. C. § 2118.[1] (D.I. 1 at ¶ 47) Plaintiff, who holds a policy for Personal Injury Protection ("PIP") insurance, alleges that claims submitted for medical expenses and other benefits under defendant's coverage were arbitrarily and systematically denied, not paid in full, or were paid late by

---

[1] 21 Del. C. § 2118B describes insurers' obligations regarding the processing and payments of insurance benefits.

defendant, and that defendant has made a regular business practice of denying claimants without reasonable basis or justification. (D.I. 1 at 2, 14) Plaintiff also alleges bad faith breach of contract, breach of the covenant of good faith and fair dealing, violation of 6 Del. C. § 2513,[2] and tortious interference with contract. (*Id.* at ¶¶ 40-69) Plaintiff has since withdrawn the requested relief sought for defendant's alleged violations of 6 Del. C. § 2532, 18 Del. C. § 2301, and 18 Del. C. § 4102. (D.I. 9 at 9)

2. **Legal Standard**. In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (interpreting Fed. R. Civ. P. 8(a)) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 1964-65 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's

---

[2]"The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale, lease or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful practice." 6 Del. C. § 2513(a).

allegations are true." *Id.* at 1959.

3. **Discussion**. To have standing, "the 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Defenders of Wildlife*, 504 U.S. at 561 (quoting *Sierra Club v. Morton*, 405 U.S. 734, 734-735 (1972)). The "injury in fact" test has three elements: (1) plaintiff must have suffered an "injury in fact," which is an invasion of a legally protected interest that is concrete, particularized, and actual or imminent. The injury cannot be hypothetical or conjectural; (2) a causal connection must be fairly traceable between the injury and the challenged action of the defendant - the injury cannot be the result of the independent actions of a third party not before the court; and (3) rather than be merely speculative that a favorable decision will redress the injury, it must be likely that a favorable decision will redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted).

4. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Lujan v. National Wildlife Federation*, 497 U.S. 871, 889 (1990)). However, plaintiff's complaint fails to state facts to support a claim that an actual injury has occurred to satisfy the first prong of the "injury in fact" test. The complaint provides an example of defendant's adjustment of reimbursement rates on insured's medical bills, as follows: "[A] charge from Dynamic Therapy Services, LLC for services performed on May 6, 2010 was reduced from $55.00 to $49.50" for a total of $5.50 in damages. (D.I. 1 at ¶ 27)

3

However, the complaint fails to indicate that plaintiff has actually paid any amount out-of-pocket, $5.50 or otherwise. Plaintiff states that he has submitted "bills from Dynamic Therapy Services, LLC which have not been paid, **and remain unpaid**." (*Id.* at ¶ 28) (emphasis added) The complaint also states that plaintiff has received notices regarding outstanding balances on his medical bills; there is no indication, however, that plaintiff has been billed for them, or that he has paid those balances. (*Id.* at ¶ 29)

5. Lending support to the grant of dismissal, the court notes that in defendant's responsive pleadings, defendant claims to have paid plaintiff's medical bills and further alleges that, based on the contractual relationship that defendant has (via a third party) with the medical service provider, the service provider is expressly not permitted to seek payments from policyholders for bills that have been repriced. (D.I. 7 at 7, n.1) Plaintiff does not directly refute this claim, arguing only that "[w]hether Plaintiff has gone 'out-of-pocket', been 'balance-billed' or been denied services should not be the measure of whether there were damages" but, rather, emphasizes defendant's statutory obligation to comply with 21 Del. C. § 2118. (D.I. 9 at 7)

6. **Conclusion**. For the foregoing reasons, defendant's motion to dismiss is granted.

United States District Judge